OPINION
This is an appeal from a judgment of the Court of Common Pleas of Greene County affirming a decision of the Sugarcreek Township Board of Zoning Appeals (BZA) which sustained a decision of the Sugarcreek Zoning Inspector denying a request of the appellant, Steak `N Shake, Inc., (SNS) for permission to exhibit additional wall signs on its restaurant located on Wilmington Pike in the Center Pointe Plaza. The SNS restaurant is located in an outlet of the Center Pointe Plaza Shopping Center. Its west wall faces Wilmington Pike; its east wall faces Ring Road; and its north wall faces Access Road. Ring and Access Roads are open to the public and used for ingress and egress to and from adjoining properties.
The Sugarcreek Township Zoning Inspector granted SNS's request with respect to the wall facing Wilmington Pike, but denied its request with respect to the other walls of the SNS building. In denying the application, the Zoning Inspector relied upon the sign ordinance of the Sugarcreek Township Zoning Code which permits a property owner of the neighborhood business district to have one wall or ground sign for "each street front of the lot on which the use is located." In reaching such conclusion, the Zoning Inspector further relied upon the zoning code definition of "street", which states as follows:
 Street: Is a public thoroughfare which affords the principal means of access to abutting property:
 a. Street (Private): An improved street or roadway which has not been dedicated for public use, or accepted by the Sugarcreek Township Board of Trustees and is not maintained by the Township. In addition, a private street must meet the specifications established by, and approved under the Subdivision Regulations for Greene County, Ohio.
 b. Street (Public): An improved street or roadway which has been constructed to Greene County Subdivision Regulations, dedicated for public use and accepted by the Sugarcreek Township Board of Trustees and maintained by the Township. When built, a street shall be a public street when included in the official thoroughfare plan for Greene County, Ohio.
Since Ring and Access Roads were not dedicated or accepted for public use by the Sugarcreek Township Board of Trustees, the only issue presented to the BZA was whether the access roadways adjacent to SNS's north and east walls met the definition of "private streets" as set forth in the Sugarcreek Township Zoning Resolution. Specifically, the BZA wrestled with the provision of the definition which provides that "a private street must meet the specifications established by and approved under the Subdivision Regulations for Greene County, Ohio."
According to the record, this case appeared twice before the Court of Common Pleas. After its initial appearance, the cause was remanded to the BZA to afford SNS adequate notice and a reasonable time to present evidence as to whether Ring and Access Roads met county street specifications, but no such evidence was submitted by the appellant at the rehearing of the matter. On the contrary, evidence was introduced that such driveways were privately designed for access management purposes. Hence, the trial court, relying upon the definition of "street" in the zoning resolution, concluded that the decision of the BZA was supported by reliable, probative, and substantial evidence.
In the present appeal, the appellant has set forth two assignments of error, the first of which has been stated as follows:
 TRIAL COURT ERRED AS A MATTER OF LAW IN AFFIRMING THE DECISION OF THE BZA TO DENY APPELLANT'S REQUEST FOR ADDITIONAL EXTERIOR SIGNS WHERE THE SUGARCREEK TOWNSHIP ZONING CODE PERMITS ONE SIGN PER "STREET FRONT" AND THE ZONING CODE CONTAINS AN AMBIGUOUS DEFINITION OF "STREET" AND THE TRIAL COURT CONSTRUED SAID AMBIGUITIES STRICTLY AGAINST THE APPELLANT.
While the definition of a private street in the zoning ordinance may be ill-advised, or even oppressive, as contended by SNS, it is not ambiguous in the sense that the language thereof might be subject to dual meaning and interpretation. On the contrary, the resolution clearly provides that a private street must meet public street specifications, and the language of such definition make no reasonable allowance for diverse construction or interpretation. Furthermore, it may be assumed that the latter part of the private street definition was not adopted as mere surplusage. In fact, the trial court commented upon the private street definition as follows:
 Applying Steak `N Shake's interpretation of a private street would lead to a finding that all streets not dedicated for public use could be defined as private streets regardless of the construction standards or specifications used to build the roadways. This result contravenes the BZA's finding that public street standards are to be used for both public and private streets in order to prevent the formation of a two-tier system of roads. In essence, the BZA is requiring that both public and private streets be built to the same level to ensure private streets are as safe as public streets. Specifically, the BZA cited that having private roads built to public road standards ensures "the safety of heavy fire equipment and similar things" on the roads. Moreover, the BZA noted that historically, private streets have been built to public street standards. By so doing, private streets dedicated for public use will already meet the construction standards for a public street.
With respect to the particular language employed in the zoning resolution, therefore, and with regard for the intended purpose of such language, we find no merit in the first assignment of error.
The second assignment of error has been submitted by the appellant as follows:
 SIGN ORDINANCE IS UNCONSTITUTIONAL AS APPLIED BY TRIAL COURT AND BZA WHERE SIGN ORDINANCE ONLY PERMITS EXTERIOR WALL SIGNS ON WALLS THAT FACE THOROUGHFARES AND ROADWAYS THAT ARE BUILT TO GREENE COUNTY CONSTRUCTION SPECIFICATIONS FOR "PUBLIC STREETS" AND WHERE SAID CONSTRUCTION SPECIFICATIONS ARE COMPLETELY UNRELATED TO THE PUBLIC HEALTH, SAFETY AND GENERAL WELFARE CONCERNS RELATING TO THE SIGN ORDINANCE.
In the case of BP Oil Co. v. Dayton Bd. of Zoning Appeals
(1996), 109 Ohio App.3d 423, which has been cited by both the appellant and the appellee, this court thoroughly discussed the various rules which must be applied by courts in reviewing a determination of a Board of Zoning Appeals. Particularly, the court noted that the Common Pleas Court must act under a presumption that the determination by the BZA is valid, and that "[t]he burden of overcoming this presumption and showing invalidity rests on the party opposing the determination." Id. at 428. See also, Goldberg Cos., Inc. v. Richmond Heights (1998),81 Ohio St.3d 207. On the other hand, this court also observed in the BP Oil Co. case that courts must strictly construe restrictions on the use of real property in favor of the property owner. Id. at 432. See also, Liberty Sav. Bank v. Kettering
(1995), 101 Ohio App.3d 446, 452. With particular reference to the alleged error, it also must be remembered that "[i]n order to invalidate a zoning regulation on constitutional grounds, the parties attacking it must demonstrate, beyond fair debate, that the zoning classification denies them the economically viable use of their land without substantially advancing a legitimate interest in the health, safety, or welfare of the community."Ketchel v. Bainbridge Twp. (1990), 52 Ohio St.3d 239, 243.
In the present case, the definition of "street" in the zoning resolution is not broad enough to embrace Ring and Access Roads, and a sign on every wall of a business building undoubtedly would tend to increase sign clutter and would to some extent compete with traffic signs placed on the access roads within the general area. Moreover, such signs could be a source of distraction for drivers and pedestrians alike. And both sides of the instant controversy fully appreciate that the number, size and location of signs are, for a number of reasons, subject to government control. See, Goldberg Cos., supra; Hudson v. Albrecht, Inc. (1984), 9 Ohio St.3d 69.
At the rehearing of this matter before the BZA, the evidence dwelled almost entirely upon whether Ring and Access Roads had "street" fronts that permitted signs on the building, and the evidence is largely silent, therefore, upon the issue of whether the resolution is arbitrary and unreasonable in its application to SNS. Here, the issue of unconstitutionality is surely not beyond fair debate. See, Cent. Motors Corp. v. Pepper Pike (1995),73 Ohio St.3d 581, 584. And the appellant has failed to carry its burden of showing otherwise. Hence, the second assignment of error is overruled.
In our opinion, therefore, the arguments of SNS that the applicable zoning resolution was incorrectly interpreted and/or unconstitutionally applied are without merit, and the judgment of the Common Pleas Court will be affirmed.
BROGAN, J., and WOLFF, J., concur
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
L. Michael Bly
Peter C. Krier
Suzanne M. Schmidt
Hon. Thomas M. Rose